## THOMPSON *v.* KELSO et al.

An accommodation endorsee of a promissory note has no right, on being sued, to require the previous discussion of the property of the drawer.
Where an accommodation endorser of a note joins in an act executed by the maker, and holder, before the maturity of the note, by which certain securities are given for its payment, and the time of payment is deferred, declaring that he agrees to the arrangement, and holds himself liable for the final payment of the notes " as endorser or security " notwithstanding the postponement, and it does not appear from the terms of the agreement that any change was to be made in the obligations of the debtors adversely to the creditor, the use of the words " endorser or security " will not be considered as releasing the endorser from the obligations of his endorsement, and binding him merely as a surety. As to the maker, he was merely as a surety; and the words must be considered as used in reference to him. C. C. 3003.

APPEAL by *Thompson* from a judgment of the District Court of Rapides, *Cushman*, J. *O. N. Ogden*, for the plaintiff. *Elgee* and *Hyams*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action by the holder, against *Kelso*, the drawer, and *Compton*, the endorser of three promissory notes. The defendant *John Compton*, alléges that, being merely an accommodation endorser or surety, he, is entitled to avail himself of the plea of discussion, and has designated the property of the drawer, which he urges must be first seized and sold, and tendered an amount sufficient to defray the expenses of the discussion. An exception to this effect was sustained by the district judge, who ordered the proceedings to be stayed against *Compton*, until the property of *Kelso*, as set forth in the plea, should be first duly discussed. The plaintiff has appealed, and the case has been argued at bar on the right of the defendant, *Compton*, to avail himself of the plea of discussion.

*Compton* was the endorser on the notes, and was duly notified of the protest thereof. His obligation towards the creditor was not affected by the fact of the notes being what are called accommodation notes. He was as much bound by his endorsement as though they had been notes for value, and had no right whatever, on being sued, to require the previous discussion of the property of the drawer.

It is contended that his obligation on the notes was changed by a certain agreement entered into between the plaintiff and *Kelso*, in June, 1842, after the date of the notes, and before they became due. By this agreement certain securities were given, and the time of payment of the notes was deferred till 1847, on certain conditions therein specified. To this agreement *Compton* was a party. He appeared in the act before the notary, and declared that he agreed to the arrangement, and held himself liable for the final payment of said notes as *endorser or security*, notwithstanding any postponement. It is urged that, by virtue of this clause, *Compton* became a mere surety for the debt.

It certainly does not appear from the terms of this agreement, that any change was to be made in the obligations of the debtors, adversely to the creditor. The mortgage on land and slaves given by *Kelso*, was in order to secure the *full and punctual* payment of the debt, according to the tenor of the notes and the stipulations of the agreement, to which *Compton* acceded, and in the purpose of which he concurred. There was no stipulation for any change in his obligation, and the effect which the district judge gives to the words *endorser or security*, appears to us to be in conflict with the evident intendment of the whole agreement. The construction which would release him from the consequences of his endorsement, and bind him as a mere surety, appears to us to force the words from their evident meaning in the relation in which they are used. True, *Compton* was endorser, and bound as such to the creditor, but as to *Kelso* he was merely a party, and in that sense the word must be considered as used. Words must be construed in a sense in which they have effect to preserve and carry out an agreement, rather than in that in which a portion of them would be without meaning. All that can be said of this expression is that, *Compton* intended, by consenting to the arrangement, to preserve his position towards his creditor, and the debtor for whom he was bound.

But the employment of the words *endorser or security* would not, under any fair construction, release him from his obligation as endorser. An endorser is considered as a species of surety, and the terms *security debts* are, in common parlance, applied to endorsements; and, unless there were some grounds for

inferring *aliunde* the purpose of the creditor to change the character of his debt and make *Compton* a mere surety, we do not think the words used would effect the change. C. C. 3008.

<span style="float:right">THOMPSON *v.* KELSO.</span>

We think the judge erred in sustaining the plea of discussion.

The judgment of the District Court is, therefore, reversed, the exception of the defendant overruled, and the case remanded for further proceedings; the appellee paying the costs of this appeal.